1
2
3                    UNITED STATES DISTRICT COURT
4                   NORTHERN DISTRICT OF CALIFORNIA
5                           OAKLAND DIVISION
6
7  MARCELLA LUNSFORD,
8              Petitioner,                No. C 10-0136 PJH (PR)
9     vs.                                 **ORDER TO SHOW CAUSE**
10 GLORIA HENRY, Warden,
11             Respondent.
12 _____/
13     This is a habeas case brought pro se by a state prisoner.  Petitioner filed an
14 amended petition before the court had conducted its initial review of the original petition.
15 Because the amended petition omitted most of her claims and was difficult to understand,
16 the court dismissed it with leave to amend to provide a petition containing all the claims she
17 wished to present.  She has done so.
18                                **DISCUSSION**
19 **I.    Review of Amended Petition**
20     As the court ordered, petitioner has provided a list of her claims.  She asserts that:
21 (1) her counsel was ineffective in failing to object to purported prosecutorial misconduct; (2)
22 the jury was subject to outside influences, so was not unbiased; (3) there was prosecutorial
23 misconduct; (4) her sentence constitutes cruel and unusual punishment in that it is based
24 on a reversed special circumstance; (5) certain jury instructions were so defective as to
25 violate due process; (6) the jury's finding of the special circumstance of lying in wait was
26 "illegally obtained;" (7) her due process rights were violated by the trial court's failure to
27 instruct on withdrawal from a conspiracy; (8) the trial court failed to instruct on lesser
28 included offenses for which there was supporting evidence; (9) the prosecutor committed

misconduct in closing argument; (10) the judge was biased against her; and (11) witness's testimony was inconsistent with their earlier statements to an investigator for the prosecution.

Petitioner's claims six and eleven do not present federal claims. They will be dismissed. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). The other claims are sufficient to require a response.

**II.     Motion for Appointment of Counsel**

Petitioner moves for appointment of counsel.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner has presented her claims adequately, and they are not particularly complex. The interests of justice do not require appointment of counsel.

**CONCLUSION**

1. Petitioner's motion for appointment of counsel (document number 13 on the docket) is **DENIED**. Her motion for an extension of time to amend (document 11) is **GRANTED**. The amendment is deemed timely. The clerk shall show it as "filed" on the docket.

2. Issues six and eleven are **DISMISSED**.

3. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

4. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, she shall do so by filing a traverse with the court and serving it on respondent within thirty days service of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: September 6, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\LUNSFORD0136.OSC.wpd

3