United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MARCELLA LUNSFORD,

Petitioner,

vs.

GLORIA HENRY, Warden,

Respondent.
_______________________________/

No. C 10-0136 PJH (PR)

**ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS; ORDER TO ADMINISTRATIVELY CLOSE CASE**

This is a habeas case filed pro se by a state prisoner. Respondent's motion to dismiss the petition as mixed was granted and petitioner was informed of her options. She was told she could (1) dismiss the petition with an eye to exhausting and then filing another federal petition; (2) amend the petition to dismiss the unexhausted issue, and proceed with those which are exhausted; or (3) ask for a stay of this case to allow her to return to state court to attempt to exhaust the unexhausted issues, then, if unsuccessful in state court, return here and ask that the stay be lifted.

Petitioner responded with a "Motion to Dismiss this Petition with an Eye to Exhausting, with Leave to File Another Federal Petition." The court was concerned that she might think it could grant her immunity from the statute of limitations by dismissing the present petition with leave to file a new petition, which would be incorrect, so denied the motion and extended the time to elect one of the options. Petitioner now has moved to stay the case to allow her to return to state court and exhaust.

Petitioner contends that she thought her state direct appeal and state habeas petition had exhausted all her issues, and that her misunderstanding as to whether exhaustion had been completed was an "oversight." Given that petitioner is pro se, her

United States District Court
For the Northern District of California

failure to grasp the extent to which her direct appeal issues comprehended the unexhausted issues is understandable. The motion for a stay (docket # 27) is **GRANTED**. This case is **STAYED** to allow petitioner to present his unexhausted issues in state court, presumably by way of state petitions for habeas corpus. If petitioner is not granted relief in state court, she may return to this court and ask that the stay be lifted.

The stay is subject to the following conditions:

(1) Petitioner must institute state court habeas proceedings within thirty days of this order; and

(2) petitioner must notify this court within thirty days after the state courts have completed their review of her claims or after they have refused review of her claims.

If either condition of the stay is not satisfied, this court may vacate the stay and act on this petition. *See Rhines v. Webber*, 544 U.S. 269, 278 (2005) (district court must effectuate timeliness concerns of AEDPA by placing “reasonable limits on a petitioner’s trip to state court and back.”).

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

**IT IS SO ORDERED.**

Dated: September 19, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.10\LUNSFORD0136.stay.wpd