UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MARCELLA LUNSFORD,

    Petitioner,

vs.

TINA HORNBEAK, Warden,

    Respondent.

No. C 08-5038 PJH (PR)

MARCELLA LUNSFORD,

    Petitioner,

vs.

GLORIA HENRY, Warden,

    Respondent.

No. C 10-0136 PJH (PR)

**ORDER CONSOLIDATING ACTIONS AND PARTIALLY DENYING RESPONDENT'S MOTION TO DISMISS**

    These habeas cases filed pro se by a state prisoner concern the same underlying conviction and present somewhat similar claims. Case No. C 08-5038 PJH (PR) was recently fully briefed. Case No. C 10-0136 PJH (PR) was previously dismissed as unexhausted and stayed for petitioner to exhaust several claims. The stay was lifted as petitioner stated she had filed a petition with the California Supreme Court that was denied and respondent was ordered to show cause. Presently pending is respondent's motion to dismiss several claims in the petition in No. C 10-0136 PJH (PR) as procedurally defaulted. Docket No. 35.

    Both cases have a rather confusing procedural history due to several amended petitions having been filed and attempts by this court to understand and construe

petitioner's claims, often without success.[1] At times, each petition contained variations on similar claims that were previously exhausted with the California Supreme Court.

Case No. C 08-5038 PJH (PR) asserts: (1) her due process rights were violated by the trial court's failure to instruct on the required mens rea for an aider and abettor with respect to the lying in wait special circumstance; (2) her due process rights were violated due to the trial court's erroneous instructions on alternative theories of first degree murder; (3) her due process rights were violated by the trial court's failure to correctly instruct on conspiracy and overt acts; (4) her due process rights were violated by the trial court's failure to instruct on withdrawal from the conspiracy and withdrawal from aiding and abetting; and (5) several instances of prosecutorial misconduct during cross examination and closing arguments.

In No. C 10-0136 PJH (PR), petitioner has presented several claims that were presented and fully briefed in case No. C 08-5038 PJH, that need not be addressed. The remaining claims include: (1) ineffective assistance of counsel for failing to object to misconduct; (2) the jury was tainted by false evidence of an attempt to eliminate a witness, thus her sentence constitutes cruel and unusual punishment; (3) the jury was subject to outside influences and was therefore biased; (4) the trial court failed to instruct on lesser included offenses; and (5) defective jury instructions.[2]

The ineffective assistance of counsel claim was previously exhausted and is not at issue in this motion. Respondent argues that the claims regarding false evidence of attempt to eliminate a witness, lesser included offenses and defective jury instructions were recently exhausted in state court but are procedurally defaulted. Respondent also argues that the claim regarding the jury being subject to outside influences has still not been

---

[1] While appointing counsel would have been helpful, this court is faced with a large caseload of habeas petitions with pro se prisoners who have difficulty presenting claims. Unfortunately, counsel can only be appointed in a limited number of cases due to scarce resources.

[2] Several claims in No. C 10-0136 PJH (PR) have previously been dismissed as duplicative or for failure to state a federal claim, such as the claim that a witness's testimony was inconsistent with an earlier statement.

2

1 exhausted.

## DISCUSSION

### I. Standard

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In the context of direct review by the United States Supreme Court, the "independent and adequate state ground" doctrine goes to jurisdiction; in federal habeas cases, in whatever court, it is a matter of comity and federalism. *Id.* The procedural default rule is a specific instance of the more general "adequate and independent state grounds" doctrine. *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994).

In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Where petitioner's claims were not fairly presented to the state courts, but an independent and adequate state procedural rule exists which bars their review, claims are procedurally barred in federal habeas review. *Casey v. Moore*, 386 F.3d 896, 919 (9th Cir. 2004) (finding that Washington's state procedural rule setting one year limit on a personal restraint petition which raises a federal claim not raised on direct review precludes federal review of claim that would no longer be timely under that rule).

### II. Analysis

In 2013, petitioner presented a petition to the California Supreme Court that presented three primary claims: (1) the jury was tainted by false evidence of an attempt to eliminate a witness, thus her sentence constitutes cruel and unusual punishment; (2) defective jury instructions; and (3) failure to instruct on lesser included offenses. Motion to Dismiss (MTD), Exh. 1. The petition was denied with citations to *In re Robbins* (1998) 18

3

1 Cal. 4th 770, 780; *In re Clark* (1993) 5 Cal. 4th 750, 767-769; *In re Waltreus* (1965) 62 Cal.
2 2d 218, 225; *In re Dixon* (1953) 41 Cal. 2d 756, 759; *In re Lindley* (1947) 29 Cal. 2d 709,
3 723. MTD, Exh. 2.

4 A federal habeas court cannot find procedural default based on an ambiguous state
5 order that does not specify which of a petitioner's multiple claims were rejected under which
6 cited procedural rule. *Calderon v. U.S. Dist. Ct. (Bean)*, 96 F.3d 1126, 1131 (9th Cir. 1996)
7 (finding a state court order denying a habeas petition ambiguous where the state court
8 invoked multiple procedural rules, but did not specify which of the thirty-nine claims in the
9 petition were rejected under which rule). Here, the California Supreme Court denied
10 multiple claims with five citations.

11 When multiple state procedural rules are invoked in a single order disposing of
12 multiple claims, the ambiguity does not preclude procedural default so long as each of the
13 bars are adequate and independent. *Washington v. Cambra*, 208 F.3d 832, 834 (9th Cir.
14 2000). While the citations to *Robbins* and *Lindley* present adequate and independent bars,
15 the citations to *Clark* and *Dixon* have not been found to be adequate and independent by
16 the Ninth Circuit or Supreme Court. While respondent has pointed to several unpublished
17 cases in which these bars have been found to be adequate and independent, they are not
18 controlling on this court. The California Supreme Court also cited to *In re Waltreus*, 62 Cal.
19 2d at 225, which the United States Supreme Court has found does not bar federal habeas
20 review. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 n. 3 (1991) ("Since a later state decision
21 based upon ineligibility for further state review neither rests upon procedural default nor lifts
22 a pre-existing procedural default, its effect upon the availability of federal habeas is nil....");
23 *Forrest v. Vasquez*, 75 F.3d 562, 564 (9th Cir. 1996).

24 Attempting to identify which citations match which claim, so as to make the order
25 unambiguous, is an exercise in futility.[3] While petitioner only presented three primary

---

[3] Nor can the court look through to the superior court habeas decision to determine the California Supreme Court's reasoning. While petitioner included a copy of the superior court decision in an earlier filing (Docket No. 31 at 10-11), no copy of that petition has been provided

4

claims in her petition to the California Supreme Court, there are numerous subclaims discussed in her supporting facts section. MTD, Exh. 1. The California Supreme Court cited *In re Lindley*, 29 Cal. 2d 709, which stands for the notion that sufficiency of the evidence claims cannot be raised in a state habeas petition. *Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004). Yet, none of the primary claims involved sufficiency of the evidence. Liberally construing the petition it is possible to identify a sufficiency claim in claim one, but this court cannot definitively discern to which claim the California Supreme Court directed the *Lindley* citation.[4] Nor could the court determine with sufficient certainty what citations correspond to what other claims. Therefore, due to the ambiguity of the state court decision and the presentation of the claims in the state petition, and out of an abundance of caution, the court cannot find the claims are procedurally barred and respondent will be ordered to file supplemental briefing.

The court notes that the denial of the 2013 California Supreme Court petition included a defective jury instruction claim. However, petitioner had previously exhausted many jury instruction claims and a review of her petition to the California Supreme Court reveals that her single defective jury instruction claim contains the same allegations found that are currently pending in case No. C 08-5038 PJH. Respondent need not brief this claim, as it was properly briefed as four separate claims in the companion case. Docket No. 18 in No. C 08-5038 PJH (PR).

Finally, respondent states that petitioner's claim that the jury was subject to outside influences and was therefore biased has not been exhausted. Petitioner responds:

> Respondents statement against [petitioner's] claim #2 saying it was Unexhuasted, thereby making it a two part claim. This is an "Unfair" attempt

---

so this court is not aware what claims were presented and if they were the same as those presented to the California Supreme Court.

[4] As a further example of the difficulty in construing the exact nature of the claims presented to the California Supreme Court, this court notes that in supporting her first claim that her sentence violates the Eighth Amendment, petitioner discusses ineffective assistance of counsel and the double jeopardy clause of the Fifth Amendment. It actually seems petitioner was attempting to present an admission of evidence claim in violation of due process, that will be discussed further below.

5

United States District Court
For the Northern District of California

1
2
3
      by Respondent to claim, Unexhaustion. [Petitioner] "Never" Intended that statement to be a separate claim! and was never tolded by this court it was such! Claim #2 Asserts, Jury misconduct, In that the jury was subject to outside influences, So it was tainted and biased, and one of the jury members worked for Caltrans, and knew the victim.

4 Opposition at 2.

5       The court does not entirely understand petitioner's statement. To the extent this was
6 never intended to be a claim, then the petitions will continue on the previously described
7 claims. If petitioner wishes to move forward with a claim that the jury was tainted and
8 biased, she does not describe when that claim was exhausted, nor has this court found that
9 claim ever being presented to the California Supreme Court. In her 2013 petition to the
10 California Supreme Court while describing her prior petitions to that court, petitioner stated
11 that she previously raised a claim that the jury was subject to outside influence and was not
12 unbiased. MTD, Exh. 1 at 14 of 15. Petitioner states this was presented to the California
13 Supreme Court while she was represented by counsel and it was denied. *Id.* The court
14 has reviewed two petitions prepared by counsel to the California Supreme Court and
15 neither contain this claim regarding the jury. Docket No. 16, Exhs. 2-3.

16       These federal petitions were filed in 2008 and 2010, and already stayed once for
17 petitioner to specifically exhaust several claims including this claim, yet this claim was not
18 exhausted. Respondent noted in the motion to dismiss that this claim was not exhausted,
19 yet petitioner failed to adequately address the issue, state why it was not presented to the
20 California Supreme Court or even request another stay. This claim will be dismissed based
21 on petitioner's confusing statement in her opposition that this was not meant to be a claim
22 which is supported by the fact that this case was stayed for the purpose of exhausting
23 several claims and petitioner clearly did not exhaust this claim or present any reasons or
24 arguments if it was a mistake or inadvertent.

25       The court separately addresses the claim regarding the jury being tainted by false
26 evidence of an attempt to eliminate a witness, thus her sentence constitutes cruel and
27 unusual punishment. This appears to be related to a prior claim that was granted on
28 appeal in state court and is somewhat complicated due to petitioner's confusing

presentation.

Petitioner, who did not personally kill the victim in this case, was found guilty of killing with special circumstances because it was found that the victim was killed because he was a witness and victim in another case. This victim was petitioner's son-in-law, who was killed by petitioner's husband. Petitioner's husband had previously attempted to murder the son-in-law, and after a mistrial was awaiting retrial on attempted murder, when he murdered the son-in-law. Petitioner and her husband were tried separately, and charged with the special circumstance of witness killing, as the attempted murder retrial was to begin three days prior to the son-in-law's murder. Petitioner was found guilty of the special circumstance witness killing, but her husband was not found guilty of this special circumstance. On appeal, petitioner argued that she could not be held liable for this special circumstance killing, as the perpetrator of the crime was not found liable. The court of appeal agreed and the special circumstance was vacated. *People v. Lunsford*, 2008 WL 1891421 *16 (Cal. App. 1 Dist., 2008).

Despite her statements regarding her sentence being cruel and unusual punishment with this court and to the California Supreme Court, this does not appear to be an Eighth Amendment claim. After reviewing the recent petition to the California Supreme Court, it appears that petitioner is asserting that despite the special circumstance being vacated on appeal, the admission of evidence regarding the prior attempted murder of the son-in-law by her husband was a violation of due process.[5] She alleges she had no involvement with the crime but the admission of evidence regarding the crime and attempts to connect her to it, unduly prejudiced her. While the admission of evidence is not generally subject to federal habeas review, petitioner has sufficiently presented a claim that the admission of this evidence to prove the special circumstance, that was later vacated by the state court, was an error of such magnitude that it resulted in a fundamentally fair trial in violation of

---

[5] While not a model of clarity, petitioner sufficiently presented her arguments to the California Supreme Court and in the amended petition in this court. MTD, Exh. 1 at 6 of 15; Am. Pet., Docket No. 14 at 23; *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) ("We must construe *pro se* habeas filings liberally") (citation and quotations omitted).

7

due process.

Within sixty days, respondent shall provide supplemental briefing regarding the following claims: (1) ineffective assistance of counsel for failing to object to alleged misconduct; (2) admission of evidence regarding prior attempted murder of witness; and (3) failure to instruct on lesser included offenses.

## CONCLUSION

1. The Clerk of the Court shall consolidate these two cases into the lower case number, No. C 08-5038 PJH.

2. The Clerk shall administratively close No. C 10-0136 PJH.

3. Respondent's motion to dismiss (Docket No. 35 in No. C 10-0136 PJH ) is **DENIED IN PART**.  The claim regarding the jury being subject to outside influences is **DISMISSED** from the petition.  Within sixty days, respondent shall provide supplemental briefing regarding the following claims: (1) ineffective assistance of counsel for failing to object to alleged misconduct; (2) admission of evidence regarding prior attempted murder of witness; and (3) failure to instruct on lesser included offenses.  Respondent shall file the briefing in No. C 08-5038 PJH.  Petitioner may file a supplemental traverse within twenty-one days of receiving the supplemental briefing also in No. C 08-5038 PJH .

4. **Both parties shall file all future filings in No. C 08-5038 PJH.**

**IT IS SO ORDERED.**

Dated: September 19, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.10\Lunsford0136.mtd.wpd